UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

WISCONSIN CENTRAL
TRANSPORTATION CORPORATION,

        Plaintiff,

        v.         Case No. 07-C-0605

MILLER COMPRESSING CO.,

        Defendant.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Wisconsin Central Transportation Corporation (Wisconsin Central) commenced this action against Miller Compressing Company (Miller) in the federal district court for the district of New Jersey. Pursuant to 28 U.S.C. § 1404(a), the case was transferred to this court on July 2, 2007. Before the court are (1) the defendant's motion for summary judgment and (2) the plaintiff's motion to dismiss the case without prejudice.

Wisconsin Central's federal claim rests on 28 U.S.C. § 10743. Consequently, on September 24, 2007, Miller filed for summary judgment asserting that § 10743 is not applicable to Wisconsin Central's claim. In response, Wisconsin Central conceded that it had no federal cause of action as pleaded in its complaint. Wisconsin Central does not present any other federal or state law claims. However, while agreeing with defendant that this case should be dismissed, Wisconsin Central moved for dismissal pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice so that it may proceed without any possible preclusive effect on possible state law claims. Miller opposes Wisconsin Central's motion, asserting

that this case should either be dismissed with prejudice, pursuant to its summary judgment motion, or dismissed without prejudice with attorney's fees and costs.

Rule 41(a)(2) provides, in relevant part, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). Factors the court may consider in determining whether to grant a motion for dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

In the present case, consideration of the above factors does not work in Wisconsin Central's favor. Wisconsin Central, as plaintiff, chose to file this case in federal court. And, Wisconsin Central agreed with Miller that the original venue selected for this case, New Jersey, was improper. Further, only after confrontation with Miller's motion for summary judgment did Wisconsin Central concede that it has no valid federal claim.[1]

---

[1] Wisconsin Central points to *Woodzicka v. Artifex*, 25 F. Supp. 2d 930 (E.D. Wis. 1998), for support. However, the facts of that case are easily distinguishable from the present case. In *Woodzicka*, the court found that the plaintiff's assertion that rulings in a related case hindered their ability to meet their burden of proof was a sufficient explanation for dismissal. Further, that court recognized that "this is not a situation where the individual plaintiffs in this action single-handedly forced the defendant to hire a lawyer and undertake steps to defend the claims asserted in their complaint." *Id.* at 935. The court noted that instead, plaintiffs were "just two of a host of similarly situated plaintiffs in cases filed throughout the United States against this defendant" based on injury due to the product at issue.

2

Given these circumstances, the court finds the imposition of attorneys fees and costs an appropriate condition for Wisconsin Central's voluntary dismissal of the action. "Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees." *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994); *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985) ("The purpose of awarding attorneys' fees on a voluntary dismissal without prejudice is to compensate the defendant for the unnecessary expense that the litigation has caused. . . . Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim."). When imposing conditions as a prerequisite for voluntary dismissal, courts are to provide the plaintiff the opportunity to reject the conditions and withdraw the motion. *Marlow,* 19 F.3d at 304 ("It only makes sense that a plaintiff seeking a 'voluntary' dismissal is not required to accept whatever conditions the court may impose as a prerequisite for dismissal.")

In conclusion, the court will permit Wisconsin Central to dismiss this case without prejudice on the condition that it pay reasonable attorneys fees and costs incurred by Miller in defending this action. Reasonable fees and costs do not include expenses incurred in preparing work product useful in subsequent litigation of the same claim. *See Cauley*, 754 F.2d at 773 ("[T]he district court should therefore not award attorney's fees for expenses incurred in research, discovery, or preparation that will be useful to Wilson in defending the action in state court."). Wisconsin Central will have fourteen days from the issuance of this order to move to withdraw its motion if it believes the conditions imposed by the court too onerous. If Wisconsin Central does not so move, this order will be

3

effective fifteen days after the date of issuance, and Miller's motion for summary judgment will be denied as moot.

Therefore,

IT IS ORDERED that Wisconsin Central Transportation Corporation's Motion to Dismiss Claim Without Prejudice is granted in part and denied in part, and this action is dismissed without prejudice.

IT IS FURTHER ORDERED that as a condition of dismissal, Wisconsin Central Transportation Corporation shall pay reasonable attorneys fees and costs incurred by Miller Compressing Company in defending this action, to be approved by the court.

IT IS FURTHER ORDERED that Miller Compressing Company shall file a statement of its reasonable attorneys fees and costs in defending this action, on or before November 27, 2007,

IT IS FURTHER ORDERED that Miller Compressing Company's Motion for Summary Judgment is denied as moot.

IT IS FURTHER ORDERED that this order will become effective on December 4, 2007, unless prior to that date Wisconsin Central moves to withdraw its motion to dismiss.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE

5